**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. MADRIGAL,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. CV 08-04327 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　　　This matter comes before the Court on Plaintiff's application to review the Commissioner's denial of his application for Supplemental Security Income. The Administrative Law Judge found that Plaintiff had fairly mild impairments — mild degenerative disc disease of the lumbar spine; mild degenerative joint disease of the left shoulder; mild degenerative joint disc disease of the right shoulder with mild widening of the AC joint; and diabetes mellitus. [AR 19] Although Plaintiff at times does not comply with his medication regimen [AR 17], the diabetes is controllable if he does. [Supp. AR 217] The issues in this case therefore concern only the degenerative joint and disc disease, and their impact on Plaintiff's ability to work.

　　　　　　In this Court, the Commissioner argues that administrative *res judicata* makes irrelevant what transpired before September 2004, the time at which the Commissioner denied a previous application, which Plaintiff did not appeal. *See* Defendant's

Memorandum in Support of Answer at 3. This is incorrect. The Administrative Law Judge found that, by virtue of Plaintiff's change in age since the prior decision, there were changed circumstances. [AR 14] As the Administrative Law Judge correctly ruled, as a result of these changed circumstances the prior decision did not establish a presumption of disability. *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). Thus, evidence existing prior to the previous decision also can be considered. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996), cited by the Commissioner, is not to the contrary; the cited portion of the case notes only that the Commissioner had the ability to determine that a claimant was not disabled earlier, not that evidence which existed earlier could not be probative in connection with a second application.

The Commissioner found that, despite his impairments, Plaintiff retained the capacity to perform a significant range of light work, and that there were plentiful jobs Plaintiff could perform. [AR 20] In this Court, Plaintiff complains only that the Commissioner did not sufficiently evaluate his subjective statements of his symptoms. The Court disagrees.

The Administrative Law Judge evaluated each of the impairments. Describing the degenerative disc disease of the back as mild, and the diabetes as not having resulted in end-organ damage, he concluded that neither precluded the performance of work at the light exertion level. [AR 17] He described the shoulder impairments as more limiting, precluding more than occasional postural activities, overhead reaching, and more than occasional pushing and pulling. [AR 17] These limitations addressed Plaintiff's subjective testimony, and the Administrative Law Judge made accommodations for them in his assessment of Plaintiff's residual functional capacity. [AR 19, finding no. 5]

It is true as well that degenerative joint and disc disease can be expected to produce some pain. Therefore, the Administrative Law Judge was required to provide specific and legitimate reasons for discrediting Plaintiff's testimony as to the extent of his pain. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*). The Administrative Law Judge found Plaintiff's testimony incredible — by which, the Court assumes, he meant not

credible — because Plaintiff had not consistently made such complaints to his treating physicians, and because Plaintiff had not sought out more aggressive treatment commensurate with the present assertions of disabling pain. [AR 17] These are legitimate bases for not agreeing with that Plaintiff's description of his pain was disabling. Conservative medical treatment is a factor which the Administrative Law Judge can consider in assessing Plaintiff's credibility as to the extent of pain, *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995), and the fact that there may be other interpretations of Plaintiff's testimony that are reasonable does not mean that the Administrative Law Judge erred. As long as the ALJ's interpretation is reasonable and is supported by substantial evidence, it is not the role of the Court to second-guess it. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

Plaintiff argues, however, that conservative treatment had failed and that he needed surgery on his shoulder. (Plaintiff's Memorandum in Support of Complaint at 7:9-11) In fact, however, the reference to the failure of conservative treatment states that Plaintiff "had failed conservative treatment with injections and anti-inflammatories," and that the doctor discussed treatment options, including a repeat injection. Plaintiff "deferred" to the repeat injection, and elected a different option, physical therapy. [AR 127] At that point, at least, conservative treatment still was being pursued. There is a later reference to surgery in a note several months later, but it is not a definitive statement of a need for surgery. Rather, it is a response to a telephone inquiry as to whether reference to a chiropractor might take the place of an orthopedic follow-up, to which the doctor responded "no . . . probably will need surgery *not* chiro manipulation." [AR 141 (emphasis in original)] The emphatic statement that orthopedic follow-up, not chiropractic manipulation, was needed, is what the note was about, and it was just that — a note in response to a telephone call, not a considered evaluation of the options and a recommendation for surgery. At the administrative hearing, Plaintiff testified that his doctor wanted to operate, that Plaintiff had a fear of being cut open and that he was "trying to prolong it." [AR 182] These statements also show a more conservative approach —

surgery as a last resort, because surgery could mean loss of use of his arm "if [the surgeon] messes me up." [*Id.*]

None of this, however, belies the Administrative Law Judge's finding that the overall course of treatment was conservative in comparison to the later-claimed extent of the pain, that is, that Plaintiff's pain was not as disabling as he asserted, and that is all that is at issue here. Accordingly, the Court concludes that the Administrative Law Judge provided sufficient reason for discrediting Plaintiff, to the extent that he did, and taking into account Plaintiff's limitations in fashioning his residual functional capacity.

In accordance with the foregoing, the Commissioner's decision is affirmed.

DATED: March 25, 2009

　　　　　　　　　　　　　　　　　／s／ Ralph Zarefsky
　　　　　　　　　　　　　　　　　RALPH ZAREFSKY
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE